## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETER L. LICKTEIG,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**WARDRIP LANDSCAPING, INC., et al.,**<br><br>      **Defendants.** | **Case No. 20-2054-DDC-GEB** |

### MEMORANDUM AND ORDER

Plaintiff Peter L. Lickteig brings this lawsuit under Kansas state law, alleging negligence against defendants Wardrip Landscaping, Inc. ("Wardrip") and Walmart, Inc. ("Walmart"). Doc. 1-1 at 4–7. Plaintiff alleges that on January 12, 2018, he slipped and fell in defendant Walmart's parking lot because defendant Wardrip negligently failed to maintain the parking lot. *Id.* at 5–6 (¶¶ 8–13). Defendant Wardrip has filed a Motion to Dismiss plaintiff's Petition under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for relief. Doc. 25 at 1. Plaintiff has filed a Response opposing Wardrip's motion. Doc. 26 at 1. Defendant Wardrip has not filed a Reply, and the time for filing one has expired. For reasons explained below, the court denies Wardrip's Motion to Dismiss.

### I. Factual Background

The following facts come from the Petition plaintiff filed in the District Court of Johnson County, Kansas. Doc. 1-1 at 4–7. The court accepts these facts as true and views them in the light most favorable to the plaintiff. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("'We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff].'" (citation omitted)).

On January 12, 2018, plaintiff was walking on defendant Walmart's parking lot when he slipped and fell.  Doc. 1-1 at 5 (¶ 8).  Plaintiff alleges that defendants Wardrip or Walmart "maintained control over the parking lot," and that Walmart contracted with Wardrip to "remove snow and ice from the premises."  *Id.* at 5–6 (¶¶ 10, 13).  Plaintiff alleges that Wardrip or Walmart was negligent in the "design and/ or maintenance of the premises."  *Id.* at 5 (¶ 9).  Plaintiff fell in the parking lot as a "result of dangerous conditions;" however, he never describes the nature of the dangerous conditions specifically.  *Id.*  As a result of the fall, plaintiff sustained serious injuries to his upper torso, particularly his left shoulder.  *Id.*  Plaintiff also alleges injuries as a result of the incident including pain and suffering, physical disability, medical expenses, loss of time, and loss of income.  *Id.* at 6 (¶ 14).  These injuries required extensive surgery and rehabilitation.  *Id.* at 5 (¶ 9).

On January 10, 2020, plaintiff filed a Petition in the District Court of Johnson County, Kansas.  *Id.* at 4–7.  On February 6, 2020, defendant Walmart filed a Notice to remove the action from the District Court of Johnson County, Kansas to this court under 28 U.S.C. § 1332.  Doc. 1 at 1–3.  On May 15, 2020, defendant Wardrip filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for relief.  Doc 25 at 1–4.  Wardrip cites *Maher v. Durango Metals, Inc.* for the relevant legal standard, and describes it as: "Dismissal of a cause of action for failure to state a claim is appropriate where it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief."  *Id.* at 1 (¶ 1) (citing *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).  Wardrip then denies plaintiff's allegations of negligence.  *Id.* at 2 (¶¶ 3–4).  Wardrip alleges that it did not contract with Walmart to remove snow or ice or to maintain Walmart's

parking lot. *Id.* at 2 (¶ 4). Wardrip concludes that plaintiff fails to assert a plausible claim against Wardrip and that the court should dismiss the claim. *Id.* at 2. (¶ 5).

On June 4, 2020, plaintiff filed a Response to defendant Wardrip's Motion to Dismiss. Doc. 26 at 1–2. Plaintiff again alleges that Wardrip "did . . . undertake to remove snow or ice" from the Walmart parking lot. *Id.* at 2 (¶ 3). Plaintiff further alleges that Wardrip's representatives contacted plaintiff "shortly after the incident by telephone and by mail" seeking to resolve plaintiff's injuries on Wardrip's behalf. *Id.* at 2 (¶ 4).

## II.     Legal Standard

Wardrip cites an outdated standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Wardrip relies on *Maher v. Durango Metals, Inc.*, which provides that a court will grant a dismissal under Rule 12(b)(6) if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" 144 F.3d at 1304 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). However, more than 13 years ago in *Bell Atlantic Corporation v. Twombly*, the Supreme Court overruled *Conley*'s "no set of facts" language. 550 U.S. 544, 563 (2007). The *Twombly* court held that a claim must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). Because *Twombly* provides the governing standard for Rule 12(b)(6) motions to dismiss, the court applies that standard here.

A pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A petition "does not need detailed factual allegations," but a plaintiff must provide "more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a claim for relief." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

### III.   Discussion

Plaintiff sufficiently pleads each of the four elements of a negligence claim under Kansas law. In Kansas, a negligence claim requires: (1) the existence of a duty, (2) a breach of that duty, (3) an injury, and (4) proximate cause. *Montgomery v. Saleh*, 466 P.3d 902, 907 (Kan. 2020).

*First*, plaintiff sufficiently alleges the existence of a duty. He alleges that Wardrip contracted with Walmart to "remove snow and ice from the premises" of the Walmart parking lot and that Wardrip or Walmart "maintained control of the Walmart Parking lot." Doc. 1-1 at 5–6 (¶¶ 10, 13).

*Second*, plaintiff sufficiently alleges a breach of duty. Plaintiff alleges that Wardrip breached its duty because it negligently maintained the parking lot premises and that he fell as a "result of dangerous conditions." *Id.* (¶¶ 9, 13). Although plaintiff does not allege with particularity the "dangerous conditions" that caused his fall, he alleges both that Wardrip contracted with Walmart to "remove snow and ice" from the parking lot, and that Wardrip

4

negligently maintained the parking lot. *Id.* (¶¶ 10, 13). While a petition must provide more than a "formulaic recitation of the elements of a cause of action," it also does not require "detailed factual allegations." *Twombly*, 550 U.S. at 555. Taking the allegations as true and viewing them in plaintiff's favor, plaintiff sufficiently alleges that Wardrip negligently failed to remove dangerous conditions, likely snow and ice, from the Walmart parking lot.

*Third*, plaintiff sufficiently alleges injury. He alleges injuries to his upper torso and shoulder that "required extensive surgery and rehabilitation." Doc. 1-1 at 5 (¶ 9).

*Last*, plaintiff sufficiently alleges proximate cause. Plaintiff alleges that his fall and injuries were the "result of dangerous conditions" in the parking lot. *Id.* at 5–6 (¶¶ 9, 13).

Although Wardrip denies that it was a party to a contract with Walmart to remove snow and ice, it relies on its Answer as support for this denial. Doc. 25 at 2 (¶ 3). Factual disputes are not relevant to a 12(b)(6) motion to dismiss. "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Smith*, 561 F.3d at 1098 (quoting *Sutton*, 173 F.3d at 1236). Taken as true, plaintiff's allegations sufficiently "state a claim for which relief may be granted."

### IV. Conclusion

For reasons explained, the court denies defendant's Motion to Dismiss (Doc. 25).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Wardrip Landscaping, Inc.'s Motion to Dismiss (Doc. 25) is denied, as set forth in this Order**.**

**IT IS SO ORDERED.**

**Dated this 19th day of October, 2020, at Kansas City, Kansas.**

                 **s/ Daniel D. Crabtree**
                 **Daniel D. Crabtree**
                 **United States District Judge**